## WILLIAM H. BUSTIN vs. WILLIAM ROGERS.

If the charges on a party's own daybook, upon which he relies as evidence of his claim, are dated on the Lord's day, he must show that the sale was not in fact made on that day, or he cannot recover.

An item of "7 gold watches, $308," is not a proper subject of book charge, and cannot be proved by the book and suppletory oath of the party.

ASSUMPSIT for money had and received, and goods sold and delivered. The defendant filed his account in set-off for goods sold and delivered, upon which he claimed a balance due to him from the plaintiff. One item in said account in set-off was as follows: " Oct. 26: 7 gold American Lever watches—$308." At the trial in the court of common pleas, before *Mellen*, J. the defendant, in support of his account in set-off, offered his daybook, which was alleged to be his book of original entries, an objection to which by the plaintiff was overruled by the presiding judge, and the book admitted. This objection became immaterial in the final decision of the case. It also appeared that a number of entries against the plaintiff for goods sold and delivered, charged in the defendant's daybook, bore date the 11th day of October, 1846, which was the Lord's day. The amount of the charges thus entered against the plaintiff by the defendant was one hundred and seventy-seven dollars and fifty cents. The plaintiff contended that upon this evidence, the presumption was, that the contract for the articles and goods charged, was made on the Lord's day, and that the defendant, in order to entitle him to recover the amount of the charges so made, must show that it was made at a different time; and as no explanatory evidence, in relation to these charges, was offered by the defendant to show that the contract was made on a different day, (excepting defendant's statement that he always dated his charges as of the day when the entry was made rather than as of the day of the sale, whenever those days were different, and also his statement that he frequently made his entries upon said daybook on the next day after the sale of the articles charged,) the plaintiff requested the presiding

Bustin *v.* Rogers.

judge to instruct the jury accordingly, which instruction he refused to give; but instructed the jury that the fact that the charges bore date on the Lord's day, together with the accompanying testimony, was evidence for them to consider whether the contract for the articles charged was made on that day, and if, upon this evidence, they were satisfied that the contract for the goods charged was made on the Lord's day, the defendant was not entitled to a set-off for the same, but he declined to instruct the jury that upon this evidence there was any presumption that the contract was made on the Lord's day, requiring the defendant to show that it was made at a different time, arising from the fact of the charges being dated and entered as of that day in the defendant's daybook. The jury returned a verdict for the defendant for the sum of nineteen dollars. To the foregoing rulings and instructions the plaintiff excepted.

*C. R. Train,* for the plaintiff.

*P. H. Sears,* for the defendant.

DEWEY, J. The only evidence in the case to prove the items of the account under the charge bearing date October 11th, was the book of the defendant. Treating that book as properly admitted in evidence, it shows a charge made on the 11th of October, which was the Lord's day. In the absence of any other evidence to control this entry, it must be taken to indicate a sale on that day, and we think it was incumbent on the defendant, in order to entitle him to recover for the articles thus charged, to show that in fact they were sold at a different time. The presiding judge instructed otherwise, and this exception to the ruling is sustained.

Another item in the account of the defendant, that of $308, for "seven gold American watches," charged on the book under date of October 26, was clearly not a proper subject of book charge, and not to he proved by the book and oath of the party. This species of evidence was not the proper evidence to establish a sale of this magnitude and character. As to this charge, there was, therefore, no competent evidence to the jury. *New trial granted.*